IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYMEE M. ROWE, | CIVIL DIVISION |
| Plaintiff, | Docket No.: 2:24-cv-0045 |
| vs. | ELECTRONICALLY FILED |
| USAA INSURANCE AGENCY, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

Plaintiff, Jaymee M. Rowe, by and through her attorneys, Richard G. Talarico, Esquire, and Woomer & Talarico, files the instant Complaint, complaining and alleging as follows:

*THE PARTIES*

1. Plaintiff, Jaymee M. Rowe (hereinafter "Plaintiff"), is an adult individual residing in Armstrong County, Pennsylvania.

2. Defendant, USAA Insurance Agency, Inc. (hereinafter "Defendant"), is a Texas insurance company with a registered office located at Corporation Service Company, 2595 Interstate Drive, #103, Harrisburg, Dauphin County, Pennsylvania 17110; is authorized to sell insurance in the Commonwealth of Pennsylvania; has offices located in Pennsylvania, including Armstrong County; and regularly conducts business in Armstrong County.

*JURISDICTION AND VENUE*

3. The amount in controversy exceeds the sum or value of $75,000.00.

4. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred in Armstrong County, Pennsylvania.

## FACTUAL BACKGROUND

6.  At all times relevant and material hereto, Defendant acted by and through its agents, servants, employees, representatives, assignees, and subsidiaries.

7.  The events hereinafter complained of arise out of an underlying motor vehicle collision that occurred on January 25, 2022, on the Exit 18 entrance ramp of State Route 28 – Southbound, Buffalo Township, Armstrong County, Pennsylvania (hereinafter "Underlying MVA").

8.  On the aforesaid date, Plaintiff was lawfully and carefully operating a 2009 Nissan Murano, bearing Vehicle Identification No. JN8AZ18W39W108538 (hereinafter the "Nissan")

9.  On the aforesaid date, Peter Calligan (hereinafter "Tortfeasor") was operating a 2019 Chevrolet Colorado, bearing Vehicle Identification No. 1GCHTCENOK1301039 (hereinafter the "Chevy").

10. As Plaintiff attempted to merge onto State Route 28 – Southbound via the Exit 18 entrance ramp, she was required to bring the Nissan to a stop; and in turn, Defendant, in driving at an unsafe speed and failing to ensure a clear distance ahead, failed to stop the Chevy in time—striking the back of the Nissan with the Chevy.

11. As a direct and proximate result of the Underlying MVA, as stated, Plaintiff sustained the following injuries, some or all of which may be permanent:

    a.  Type II superior labrum anterior to posterior tear of the right shoulder;
    b.  Superior glenoid labrum lesion of the right shoulder;
    c.  Right shoulder biceps labral tear;

    d.    Biceps pain;

    e.    Right shoulder weakness;

    f.    Right shoulder pain;

    g.    Impingement syndrome of the right shoulder;

    h.    Right acromioclavicular joint space narrowing;

    i.    Reduced range of motion of the right upper extremity;

    j.    Strain of the muscles of the cervical spine;

    k.    Anterior subluxation at C7;

    l.    Foraminal narrowing at C3-C4;

    m.    Foraminal narrowing at C4-C5;

    n.    Cervical radiculopathy;

    o.    Cervicalgia;

    p.    Stiffness of the cervical spine;

    q.    Whiplash injury;

    r.    Bursitis of the right shoulder;

    s.    Strain of the muscles of the lumbar spine;

    t.    Lumbago;

    u.    Stiffness of the lumbar spine;

    v.    Headaches;

    w.    Anxiety, depression, panic, and other symptoms of mental anguish;

    x.    Bruises, contusions, and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues, and vessels of the body; and

    y.    Other serious and severe injuries that the medical records may reveal and/or those not known to Plaintiff at this time.

12.    As a direct and proximate result of the Underlying MVA, as stated, Plaintiff suffered the following damages:

    a.     Great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma;

    b.     Large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines, and other attendant services;

    c.     Impairment of general health, strength, and vitality;

    d.     Loss of enjoyment of the various pleasures of life previously enjoyed; and

    e.     Loss of wages and diminishment of earnings capacity.

13.     At all times relevant and material hereto, the applicable bodily injury liability limits on the policy in which Tortfeasor was insured through Nationwide Insurance Company was $100,000.00.

14.     There were no other policies of insurance providing coverage for losses caused by Tortfeasor which were applicable to the Underlying MVA.

15.     The Bodily Injury Liability limits of Tortfeasor's policy were tendered with Defendant's consent and waiver of subrogation. See Consent and Waiver Letter, attached hereto as **Exhibit1**.

16.     At all times relevant and material hereto, the Nissan, was insured by Defendant, pursuant to Policy No. 013547474U71030 (hereinafter the "Policy").

17.     Stacked Underinsured Motorist coverage was elected through the Policy in the amount of $50,000.00 per person for three (3) vehicles, resulting in "Per Person" Underinsured Motorist coverage totaling $150,000.00.

18.     On June 28, 2022, Defendant was informed that Plaintiff would be pursuing an Underinsured Motorist claim in relation to the Underlying MVA under the Policy. See **Exhibit 2**.

19.     By way of letter, on March 7, 2023, Plaintiff's counsel made a demand for the $150,000.00 policy limits of coverage. See **Exhibit 3**.

20. On April 21, 2023, Defendant offered Plaintiff $5,000.00 to settle Plaintiff's Underinsured Motorist claim. See **Exhibit 4**.

21. On May 25, 2023, Plaintiff's counsel responded to Defendant's April 21, 2023, demand 1) rejecting the "lowball offer of $5,000.00;" 2) reminding Defendant of Plaintiff's surgery on July 13, 2022; 3) stating that there was no explanation for the $5,000.00 offer; and 4) reiterating Plaintiff's demand for the policy limits of coverage. See **Exhibit 5**.

22. On June 22, 2023, Plaintiff's counsel advised Defendant that Plaintiff had recently undergone further treatment due to continued right shoulder limitations, which included the ordering of an MRI, and reiterated Plaintiff's policy limits demand. See **Exhibit 6** and **Exhibit 7**.

23. On June 27, 2023, in support of Plaintiff's policy limits demand, Plaintiff's counsel forwarded an employment verification letter to Defendant in regard to Plaintiff's wage loss damages and future economic loss. See **Exhibit 8**.

24. On August 31, 2023, after reviewing said demand, Defendant responded with an offer of $17,500.00, stating that the offer "does not take into consideration the second surgery the doctor has scheduled." See **Exhibit 9**.

25. On September 8, 2023, Plaintiff's counsel rejected Defendant's offer and reiterated Plaintiff's demand for the policy limits of coverage. See **Exhibit 10**.

26. On October 13, 2023, Plaintiff underwent a right shoulder arthroscopic surgery with arthroscopic subacromial bursectomy, revision acromioplasty, and capsular stabilization.

27. On October 27, 2023, Plaintiff's counsel supplied Defendant with updated medical records, specifically the operative report from Plaintiff's October 13, 2023, surgery. See **Exhibit 11**.

28. On November 24, 2023, Defendant rejected Plaintiff's demand and made an offer of $40,000.00 for full and final settlement of Plaintiff's Underinsured Motorist claim. See **Exhibit 12**.

29. On December 6, 2023, Plaintiff's counsel rejected Defendant's offer of $40,000.00 and made a counterdemand of the Underinsured Motorist policy limits of $150,000.00. See **Exhibit 13**.

30. On December 8, 2023, Defendant rejected Plaintiff's demand of the policy limits of coverage and reinstated its offer of $40,000.00. See **Exhibit 14**.

31. At all times relevant and material hereto, Defendant did *not* give an explanation as to its valuation of Plaintiff's claim; rather, Defendant merely asserted that its offers represented the "fair value" of Plaintiff's claim.

## COUNT I
**Plaintiff v. Defendant**
*Breach of Contract*

32. Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein.

33. Tortfeasor was at fault for the underlying accident and the damages sustained by Plaintiff are in excess of the policy limits available under the above-referenced Nationwide Insurance policy.

34. The $100,000.00 Bodily Injury Liability settlement from Tortfeasor's insurer is insufficient to make Plaintiff whole for her past, present, and future economic and non-economic damages.

35. Upon information and belief, Tortfeasor has insufficient assets in which to pay any potential judgment in excess of the policy limits of the above-referenced Nationwide Insurance

policy, and was, under Pennsylvania Motor Vehicle Financial Responsibility Law, as well as the Policy, an "underinsured motorist."

36. At all times relevant and material hereto, the Policy provided Underinsured Motorist benefits to Plaintiff in regard to the Underlying MVA which totaled $150,000.00 "per person."

37. Plaintiff has complied with all duties and requirements set forth under the Policy and required by Pennsylvania law to collect full compensation from Defendant.

38. Defendant has breached its contractual obligations to Plaintiff.

39. At all times relevant and material hereto, Defendant had a duty to act in good faith and deal fairly with Plaintiff.

40. Defendant breached the underlying Policy, and its duty to act in good faith and deal fairly with Plaintiff, in:

    a.    Failing to properly investigate and gather information necessary to make a fair, reasonable, and timely evaluation of Plaintiff's claim;

    b.    Grossly under-valuing and "low-balling" Plaintiff's claim;

    c.    Failing to make a reasonable, fair, and timely evaluation of the Plaintiff's claim in an attempt to delay payment on the Plaintiff's claim;

    d.    Acting with a motive of self-interest or ill will towards Plaintiff when evaluating Plaintiff's claim and making just payment;

    e.    Failing to follow its own internal procedures, rules, regulations, directives, and claim handling practices while evaluating Plaintiff's claim;

    f.    Applying inconsistent and/or different standards to Plaintiff's claim than those applied to other claims of a similar nature submitted to Defendant in an effort to deny Plaintiff fair and adequate compensation for her injuries, damages, and losses;

    g.    Dismissing and ignoring all evidence which supported Plaintiff's claim for remuneration and coverage, while at the same time conducting minimal independent investigation of its own which might develop any evidence to refute Plaintiff's claims;

    h.    Refusing to offer a reasonable explanation as to the evaluation of Plaintiff's claim;

    i.    Failing to pay benefits to Plaintiff that were due and owed with no reasonable basis for doing so;

    j.    Failing to continue to fully, fairly, and promptly evaluate Plaintiff's Underinsured Motorist claim as information developed regarding Plaintiff's injuries;

    k.    Failing to effectuate a prompt and fair settlement of Plaintiff's Underinsured Motorist claim;

    l.    Breaching the implied covenant of good faith and fair dealing;

    m.    Accepting premiums for Underinsured Motorist coverage while, at the same time, refusing to pay a reasonable and fair amount of Underinsured Motorist benefits to the Plaintiff, in violation of Pennsylvania law; and

    n.    Breaching the fiduciary duties owed to Plaintiff, and its duty to not place its own financial interests above the legitimate interests of Plaintiff.

WHEREFORE, Plaintiff requests judgment for damages against Defendant in the amount of $150,000.00, plus interest, costs, attorneys' fees, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT II
**Plaintiff v. Defendant**
*Bad Faith – 42 Pa. C.S.A. § 8371*

41.    Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein.

42.    At all times relevant and material hereto, Defendant had a duty to promptly, fairly, and consistently evaluate the claims of Plaintiff, while Plaintiff provided the records requested by Defendant, and Defendant had all information in its possession which was necessary to promptly and fully evaluate Plaintiff's claim.

43.    The information and documents provided to Defendant contained ample evidence to conclude that Plaintiff's multiple injuries are significant with life-long limitations and

consequences requiring extensive medical treatment and resulting in an inability to fully function in both vocational and daily living settings; likewise, information in Defendant's possession reveals that Plaintiff's injuries and damages were the sole result of the Underlying MVA and Plaintiff's Underinsured Motorist claim does not stem from any other causes.

44. In violation of the Policy, Defendant has denied to pay Plaintiff the value of Plaintiff's injuries, thereby causing Plaintiff considerable hardship.

45. Plaintiff complied with all terms and conditions of the policy of insurance pre-requisite to making a claim for Underinsured Motorist benefits.

46. Defendant owed a fiduciary duty to Plaintiff, and a duty to not place its own financial interests above the legitimate interests of Plaintiff.

47. Defendant breached the aforesaid duties, as referenced herein.

48. Defendant has acted in bad faith, pursuant to 42 Pa. C.S.A. § 8371, in:

   a. Failing to properly investigate and gather information necessary to make a fair, reasonable, and timely evaluation of Plaintiff's claim;

   b. Grossly under-valuing and "low-balling" Plaintiff's claim;

   c. Failing to make a reasonable, fair, and timely evaluation of the Plaintiff's claim in an attempt to delay payment on the Plaintiff's claim;

   d. Acting with a motive of self-interest or ill will towards Plaintiff when evaluating Plaintiff's claim and making just payment;

   e. Failing to follow its own internal procedures, rules, regulations, directives, and claim handling practices while evaluating Plaintiff's claim;

   f. Applying inconsistent and/or different standards to Plaintiff's claim than those applied to other claims of a similar nature submitted to Defendant in an effort to deny Plaintiff fair and adequate compensation for her injuries, damages, and losses;

   g. Dismissing and ignoring all evidence which supported Plaintiff's claim for remuneration and coverage, while at the same time conducting minimal independent investigation of its own which might develop any evidence to refute Plaintiff's claims;

    h.    Refusing to offer a reasonable explanation as to the evaluation of Plaintiff's claim;

    i.    Failing to pay benefits to Plaintiff that were due and owed with no reasonable basis for doing so;

    j.    Failing to continue to fully, fairly, and promptly evaluate Plaintiff's Underinsured Motorist claim as information developed regarding Plaintiff's injuries;

    k.    Failing to effectuate a prompt and fair settlement of Plaintiff's Underinsured Motorist claim;

    l.    Breaching the implied covenant of good faith and fair dealing;

    m.    Accepting premiums for Underinsured Motorist coverage while, at the same time, refusing to pay a reasonable and fair amount of Underinsured Motorist benefits to the Plaintiff, in violation of Pennsylvania law; and

    n.    Breaching the fiduciary duties owed to Plaintiff, and its duty to not place its own financial interests above the legitimate interests of Plaintiff.

49.    The actions and culpable inactions of Defendant are in direct and flagrant violation of Pennsylvania Insurance Bad Faith Statute, 42 Pa. C.S.A. § 8371 and entitle Plaintiff to punitive damages, interest, costs, attorneys' fees, and other such relief as the court deems just and appropriate.

WHEREFORE, Plaintiff requests judgment for damages against Defendant pursuant to 42 Pa. C.S.A. § 8371 and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

                        Respectfully submitted,

                        Woomer & Talarico

                        /s/*Richard G. Talarico*
                        Richard G. Talarico, Esquire
                        PA I.D. # 93449
                        Attorney for Plaintiff

## VERIFICATION

I, Jaymee M. Rowe, Plaintiff herein, hereby certify that the foregoing COMPLAINT IN CIVIL ACTION is true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4909 relating to unsworn falsification to authorities.

Name: _____   Date: 12-31-23
      Jaymee M. Rowe